### LONG v. GINGOLD et al.

#### (Supreme Court, Appellate Term. June 22, 1903.)

1. MANUFACTURE OF CLOTHING—WORKMANLIKE MANNER—EVIDENCE—JUDGMENT—REVERSAL.

   Where, in an action by an assignee to recover on a claim for work done by his assignor in the manufacture of certain coats for defendants, the defense was that the coats were not made in a workmanlike manner and according to instructions, and plaintiff's testimony was contradictory as to the directions regarding the manner in which the work was to be done, and his assignor and an expert both admitted that a coat exhibited at the trial was not made in a workmanlike manner, a judgment for plaintiff in the full amount will be reversed.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by William Long against Isaac Gingold and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Samson Friedlander, for appellants.
Marks & Marks, for respondent.

MacLEAN, J. It would be a substantial refusal of justice to deny relief from this judgment upon the traditional doctrine of conflict of evidence. There were contradictions in the testimony given on behalf of the plaintiff and of the defendants, but not so great, if as great, as the contradictions in the statements of the plaintiff's assignor, his chief witness. The action was brought for work, labor, and services rendered by the plaintiff's assignor in the manufacture of certain coats for the defendants, who set up that the work was done in a negligent, unskillful, and unworkmanlike manner, and so contrary to specific instructions as to render them useless, with a counterclaim for damages to their property and injury to their business. Cut cloths were received from the defendants, with tickets, showing lot numbers, quantity, articles, and prices, together with a plainly written statement that edges and seams were to be "double stitched." These the assignor recognized; for, on being asked how he knew how to make

the coats, he replied, "The statement showed me." But later, having been shown garments identified by him as his own handwork, which were not double stitched, as required, and the statement having been offered in evidence by his own counsel, he said that coats were never double stitched at the bottom; and upon his re-direct examination he made a statement in direct conflict with his former testimony, as to a change in directions in conversation with one of the defendants, which conversation he used, too, as an explanation for making some of the goods according to the directions upon the statement. It was part of the assignor's undertaking to do his work in a workmanlike manner, but he admitted, as did his expert—for each side had an expert—that the garment exhibited was not made up in a workmanlike manner. Besides, parts not adapted to each other were sewed up together—e. g., a 35 back to a 38 coat—which alone was characterized as improper by the plaintiff's expert.

It is not necessary here to consider the counterclaim, as the judgment must be reversed.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. All concur.